IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AF HOLDINGS LLC,

    Plaintiff,                                      CIV S-12-1067 KJM CKD

    vs.

JOHN DOE,
IP Address 71.195.119.40,

    Defendant.                                     ORDER

_____/

        Presently before the court is plaintiff's ex parte application for leave to take expedited discovery. Having reviewed the papers in support of the application and the motion, the court concludes expedited discovery is appropriate.

BACKGROUND

        In this action, filed April 23, 2012, plaintiff alleges copyright infringement of the adult entertainment video, "Popular Demand" ("Video") against a single defendant, John Doe. In the course of monitoring Internet-based infringement of its copyrighted content, plaintiff's agents allegedly observed unlawful reproduction and distribution of the Video via the Bit Torrent file transfer protocol by John Doe. Although plaintiff does not know the actual name of John Doe,

/////

1

plaintiff's agents have identified John Doe by an IP address and the dates and times of the alleged unlawful activity.

According to plaintiff, only the ISP who issued the IP address connected with the unauthorized activity have the ability to identify the Doe defendant. Plaintiff contends ISPs keep the identifying information for as little as months or even weeks before potentially permanently erasing the information. Thus, plaintiff seeks an order granting expedited discovery to serve Rule 45 subpoenas on the ISP to obtain the name, address, telephone number, e-mail address and Media Access Control address of the Doe defendant, thereby permitting plaintiff to amend its complaint to state the true name of defendant and serve defendant with process.

DISCUSSION

Generally, Rule 26(d) of the Federal Rules of Civil Procedure provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except ... when authorized by these rules, by stipulation, or *by court order*." Fed. R. Civ. P. 26(d) (emphasis added). Courts apply a "good cause" standard in considering motions to expedite discovery. Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002) ("Semitool"). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." Id.

Good cause for expedited discovery is frequently found in cases involving claims of infringement and unfair competition or in cases where the plaintiff seeks a preliminary injunction. Id.; Pod-Ners, LLC v. N. Feed & Bean of Lucerne Ltd. Liability Co., 204 F.R.D. 675, 676 (D. Colo. 2002). Moreover, several unpublished opinions from federal district courts in California, applying the test in Semitool, found good cause to allow expedited discovery to ascertain the identities of Doe defendants in copyright infringement actions. See e.g. UMG Recordings, Inc. v. Doe, 2008 WL 4104207 (N.D. Cal. Sept. 4, 2008); Arista Records LLC v. Does 1-43, 2007 WL 4538697 (S.D. Cal. Dec. 20, 2007).

1  In Arista Records LLC, the plaintiffs alleged that unidentified defendants had used
2  an online media distribution system to download and distribute plaintiffs' copyrighted works to
3  the public without permission. Arista Records LLC, 2007 WL 4538697, at *1. Because the
4  plaintiffs were only able to identify each defendant by a unique internet protocol address assigned
5  to that defendant, plaintiffs filed an ex parte application seeking leave to serve immediate
6  discovery on a third-party ISP to identify the Doe defendants' true identities. Id. The court
7  found good cause to allow expedited discovery based on the plaintiffs' prima facie showing of
8  infringement, the risk that the ISP would not long preserve the information sought, the narrow
9  tailoring of the requests to the minimum amount of information needed to identify the defendants
10 without prejudicing their rights, and the fact that the expedited discovery would substantially
11 contribute to moving the case forward. Id. The court further noted that, without such discovery,
12 plaintiffs could not identify the Doe defendants and would not be able to pursue their lawsuit to
13 protect their copyrighted works from infringement. Id.

14  Here, plaintiff has similarly demonstrated its need for expedited discovery.
15 Plaintiff obviously cannot conduct a Rule 26(f) conference with an unidentified defendant and
16 will need to conduct pre-conference discovery to ascertain the identities of the Doe defendant,
17 amend its complaint, and move the case forward. There does not appear to be any other way for
18 plaintiff to identify the defendant and pursue the lawsuit to protect its copyrighted Video. Given
19 that plaintiff has identified the defendant by the IP address assigned by his or her ISP, it seems
20 likely that the requested discovery will identify the unknown defendant. Furthermore, there is
21 some need for exigency given the risk that the information sought may be inadvertently destroyed
22 by ISPs in the ordinary course of business.

23  The need for expedited discovery must of course be balanced against the prejudice
24 to the responding party. Semitool, 208 F.R.D. at 276. In this case, the responding party is
25 Comcast Cable Communications LLC. It is unclear what prejudice the ISP would suffer if
26 /////

1  ordered to produce the information plaintiff requests.  It would not seem to be excessively
2  burdensome for the identified ISP to provide the information sought here.

3  Moreover, there is little risk of prejudice to the Doe defendant.  "Expedited
4  discovery may be inappropriate where defendants are required to unwarily incriminate
5  themselves before they have a chance to review the facts of the case and to retain counsel." Pod-
6  Ners, LLC, 204 F.R.D. at 676 (citations omitted).  However, the expedited discovery requested
7  here is narrowly tailored and only seeks the minimum amount of information needed to identify
8  the potential defendant – his or her name, address, telephone number, e-mail address and Media
9  Access Control address.  Because the proposed discovery relates only to identifying and contact
10 information, and does not seek early admissions, answers to interrogatories, or depositions during
11 which defendant may "unwarily" incriminate themselves, concerns of undue prejudice are not
12 present here.

13 In sum, good cause exists for expedited discovery in this matter, because
14 plaintiff's need for the discovery outweighs any prejudice to the ISP or the unidentified potential
15 defendant.

16 Accordingly, IT IS HEREBY ORDERED that:

17 1. Plaintiff's ex parte application for leave to take expedited discovery (dkt. no.
18 7) is granted;

19 2. Plaintiff may immediately serve a Rule 45 subpoena on the ISP identified in
20 plaintiff's ex parte application to obtain the following information about the subscriber (Doe
21 defendants) corresponding to the IP address 71.195.119.40 and any other entity identified as a
22 provider of Internet services to John Doe in response to a subpoena or as a result of ongoing
23 BitTorrent activity monitoring:  *name, address, telephone number, e-mail address and Media*
24 *Access Control address*.  Each subpoena shall have a copy of this order attached.

25 3. The ISPs, in turn, shall serve a copy of the subpoena and a copy of this order
26 upon its relevant subscriber within 30 days from the date of service upon them.  The ISPs may

serve the subscriber using any reasonable means, including written notice sent to the subscriber's last known address, transmitted either by first-class mail or via overnight service, or by e-mail notice.

4. The subscriber and the ISPs shall each have 30 days from the respective dates of service upon them to file any motions contesting the subpoena (including a motion to quash or modify the subpoena). If that period elapses without the filing of a contesting motion, the ISPs shall have ten (10) days thereafter to produce the information responsive to the subpoena to plaintiff.

5. The subpoenaed ISPs shall preserve any subpoenaed information pending the production of the information to plaintiff and/or the resolution of any timely-filed motion contesting the subpoena.

6. Any ISP that receives a subpoena pursuant to this order shall confer with plaintiff before assessing any charge in advance of providing the information requested in the subpoena. Any ISP that elects to charge for the costs of production shall provide plaintiff with a billing summary and cost reports.

7. Any information disclosed to plaintiff in response to a Rule 45 subpoena may not be used for any improper purpose and may only be used for protecting plaintiff's rights as set forth in the First Amended Complaint.

Dated: May 9, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4
afholdings.exp.disc